Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Leiman Law, P.C.
PO Box 5383
Eugene, OR  97405

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **DONOVAN MALLORY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**IRON SHIELD, LLC**, an Oregon domestic limited liability company,<br><br>Defendant. | CASE NO.: 6:24-cv-1116<br><br>**FLSA MINIMUM WAGE AND OVERTIME COMPLAINT**; **FSLA RETALIATION; OREGON WAGE AND HOUR LAWS;** Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.*; Oregon Wage and Hour Laws (ORS 652)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Donovan Mallory ("Plaintiff", or "Mallory"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendant Iron Shield, LLC ("Defendant", or "Iron Shield"), an enterprise engaged in commerce. Plaintiff makes his allegations based upon personal knowledge, information, and belief.

## INTRODUCTION

1. Plaintiff Mallory routinely worked over 40 hours per week as a Security Officer at work locations assigned to him by Defendant.

1 – Complaint

2. Plaintiff was wrongfully classified and treated as an independent contractor by the Defendant when in fact, under the FLSA and Oregon Wage and Hour Laws (ORS Chapter 652), Mallory should have been classified and treated as an employee.

3. Defendant controlled all aspects of the work performed by Plaintiff including, time, place, and manner of performance.

4. Plaintiff brings this action against Defendant to recover his unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

6. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Lane County, Oregon within the District of Oregon.

## PARTIES

7. Plaintiff Donovan Mallory resides in Lane County, Oregon and alleges that he was an employee of Defendant Iron Shield working as a Security Officer in Lane County, Oregon from on or around July 1, 2022 until June on or around June 30, 2024.

8. Defendant Iron Shield is an Oregon limited liability company with a principal place of business in Springfield, Lane County, Oregon.

2 – Complaint

9.   Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

10.  At all material times, Defendant Iron Shield has been an enterprise in commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of Defendant Iron Shield was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

11.  At all material times, Defendant Iron Shield has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Iron Shield directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling the employment terms and conditions of Plaintiff.

## FACTS

12.  Defendant Iron Shield provides uniformed Security Officers and security services to its customers at the customer's place of business.

13.  As a condition of Plaintiff's employment as a uniformed Security Officer, Defendant required Plaintiff to create an Oregon limited liability company, and to agree to be paid as an independent contractor subject to IRS Form 1099 reporting.

14.  Prior to Plaintiff accepting employment from Defendant as a Security Officer, Plaintiff was not in the business of providing uniformed security services and he did not have a limited liability company.

15.  During the entire time that Plaintiff worked for Defendant as a Security Officer, Defendant directed and controlled the terms and conditions of Plaintiff's work as a Security Officer including, but not limited to, controlling how, when, and where Plaintiff worked as a Security Officer.

16. The economic reality of the relationship between Plaintiff and Defendant was that of employee and employer.

17. At all times material, Plaintiff worked as a Security Officer exclusively at locations for which Defendant has the contract to provide uniformed security services.

18. At all times material, Defendant controlled the time, place and manner in which Plaintiff performed the duties assigned to him by Defendant and its customers.

19. Plaintiff provided his services as a Security Officer exclusively to Defendant. Plaintiff maintained a limited liability company only because Defendant required him to have one as a condition of employment.

20. Defendant did not require Plaintiff to purchase liability insurance, and Defendant told Plaintiff that he was insured under the company's policy while working as a Security Officer for Defendant.

21. Plaintiff had no opportunity to generate profits or losses based on his managerial skills.

22. Defendant provided Plaintiff with company shirts that Plaintiff was required to wear while working as a security guard, two-way radios, and company branded vehicles when required.

23. The security work performed by Plaintiff was integral to Defendant's business which was to provide security guards to its customers.

24. In January 2024, Defendant required Plaintiff to sign an Addendum to Agreement for Security Services ("Addendum") that contains provisions that seek to transform the economic realities that existed between the parties prior. For example, prior to the Addendum, Plaintiff was not permitted to perform security services outside of the work assigned to him by Defendant.

25. The Addendum contained non-compete and non-solicitation provisions and was presented to Plaintiff as something he had to sign or find another place to work.

26. During the term that Plaintiff worked as a Security Guard for Defendant he was paid a gross hourly rate for all hours worked. Plaintiff routinely worked more than 40 hours in a workweek and he did not receive an overtime premium of one-half times his regular rate of pay for these overtime hours.

27. For example, during the seven-day period from November 7 to November 13, 2022, Plaintiff worked 64 hours and was paid in gross at the same gross hourly rate for all hours worked. During the seven-day period from April 3 to April 9, 2023, Plaintiff worked 68 hours and was paid in gross at the same gross hourly rate for all hours worked.

28. The time and pay records relating to Plaintiff's employment as a Security Officer by Defendant are in the custody and control of the Defendant.

29. On or around June 18, 2024, Plaintiff's counsel notified Defendant's counsel that Plaintiff was asserting that he was misclassified as an independent contractor and that he was claiming the status of an employee and demanding the payment of FLSA overtime.

30. On June 30, 2024, Defendant notified Plaintiff that it was terminating its relationship with him because he had hired a lawyer to pursue an overtime claim against Defendant.

31. As the result of Defendant's misclassification of Plaintiff as an independent contractor, Plaintiff was not paid the FLSA required one-half times his regular rate of pay for all hours worked over 40 in a workweek, and Plaintiff has been deprived of the employer contributions to Social Security and Medicare resulting in Plaintiff paying more in taxes than if he were properly classified as a W-2 employee.

32. Defendant owes Plaintiff his overtime wages, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

33. Defendant's June 30, 2024 termination of Plaintiff constituted FLSA Retaliation under 29 U.S.C. §215(a)(3) entitling Plaintiff to back pay, liquidated damages, and damages for his emotional distress and mental anguish.

34. At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

Plaintiff has retained the Law Office of Alan J. Leiman, P.C. to represent him, and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

### FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations - 29 U.S.C § 207)

35. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 34 above.

36. At all material times, Plaintiff performed duties for the benefit of, and on behalf of the Defendant, under employment terms and conditions set by Defendant.

37. At all material times, Defendant was required to pay Plaintiff in accordance with the overtime provisions of the FLSA.

38. At all material times, Defendant paid Plaintiff in gross as an independent contractor subject to IRS Form 1099 reporting when it should have paid Plaintiff as a wage earning employee subject to IRS Form W-2 reporting.

39. At all material times, Defendant paid Plaintiff a gross hourly rate for all hours worked regardless of the number of hours worked in a seven-day workweek.

40. Defendant has not paid Plaintiff the FLSA required one-half times regular rate overtime premium for all hours over 40 hours that Plaintiff worked in a seven-day workweek in violation of 29 U.S.C. § 207.

6 – Complaint

41.     Defendant's misclassification of Plaintiff as an independent contractor instead of an employee was willful.

42.     Plaintiff is entitled to liquidated damages for Defendant's willful failure to pay Plaintiff overtime wages.

43.     Plaintiff brings this action seeking overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

44.     By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)

45.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 44 above.

46.     Defendant willfully misclassified Plaintiff as an independent contractor and failed to pay Plaintiff all overtime wages when due, violating ORS 652.120 and/or ORS 652.140 and giving rise to a penalty under ORS 652.150.

47.     As a result of Defendant's misclassification of Plaintiff as an independent contractor, Plaintiff did not receive the benefit of any employer contributions to Social Security and Medicare tax obligations, and as a result Plaintiff was taxed at a higher rate.

48.     Plaintiff has been damaged by Defendants' violation of Oregon Wage and Hour Laws and is entitled to his actual damages, penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## THIRD CLAIM FOR RELIEF
### (FLSA Retaliation - 29 U.S.C § 215(a)(3))

49. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 48 above.

50. Plaintiff's June 18, 2024 demand for overtime wages based on employee status was a "complaint" under the FSLA Section 215(a)(3).

51. Plaintiff was subject to an adverse employment action when on June 30, 2024, 12 days after Plaintiff told Defendant he was claiming employee status and demanding overtime, Defendant terminated Plaintiff.

52. The June 30, 2024 text message from Defendant to Plaintiff informing Plaintiff that Defendant would no longer provide him security work states: "[o]nce you retain legal counsel against us we were directed by our attorneys to cut ties with your company."

53. The June 30, 2024 termination of Plaintiff by Defendant was in retaliation for Plaintiff claiming employee status and demanding overtime.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule Of Civil Procedure 38(b), Plaintiff Mallory hereby demands a trial by jury as to all issues.

## PRAYER FOR RELIEF

WHISEFORE, Plaintiff Donovan Mallory respectfully asks the Court to grant the following relief against Defendant:

1. On the First Claim for Relief, award Plaintiff his actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount in liquidated damages for failure to pay overtime pursuant to 29 U.S.C §207;

2. On the Second Claim for Relief, award Plaintiff his actual damages for unpaid overtime in an amount to be determined at trial; plus damages resulting from the misclassification of Plaintiff as an independent contractor in an amount to be determined at trial; together with penalty wages calculated according to ORS 652.150, in an amount to be determined at trial;

3. On the Third Claim for Relief, award Plaintiff his lost wages in an amount to be determined at trial, plus an equal amount in liquidated damages, and damages for Plaintiff's emotion distress and mental anguish;

4. Award Plaintiff his reasonable attorney fees and costs:

5. Pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

6. Such other relief as the Court deems just and proper.

DATED July 8, 2024

Respectfully submitted,

__/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 980746
Leiman Law, P.C.
PO Box 5383
Eugene, OR  97405
Telephone: (541) 345-2376
Attorney for Plaintiff

9 – Complaint