IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DONOVAN MALLORY,

        Plaintiff and
        Counterclaim Defendant,

    v.

IRON SHIELD, LLC,

        Defendant and
        Counterclaim Plaintiff.

Civ. No. 6:24-cv-01116-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Motion to Dismiss Counterclaims, ECF No. 9, and a Motion to Strike Affirmative Defenses, ECF No. 10, both filed by Plaintiff Donovan Mallory. The Court concludes that these motions are appropriate for resolution without oral argument. For the reasons set forth below, the motions are GRANTED.

## LEGAL STANDARD

### I. Motion to Dismiss

    To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id*.

II.     **Motion to Strike Affirmative Defenses**

The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are viewed with disfavor and are infrequently granted. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp.2d 1187, 1189 (D. Or. 2008), *aff'd*, 608 F.3d 1084 (9th Cir. 2010); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp.3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings.") (internal quotation marks and citations omitted, alterations normalized). Granting a motion to strike is within the discretion of the district court. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010).

## BACKGROUND

The Complaint and Answer present divergent factual backgrounds for this

case and each will be presented separately below.

   **I.   The Complaint**

Defendant Iron Shield, LLC provides uniformed security officers and security services to its customers at the customer's place of business. Compl. ¶ 12.

Plaintiff Donovan Mallory worked for Defendant aa a security officer. Compl. ¶ 15. As a condition of Plaintiff's employment as a uniformed security officer, Defendant required Plaintiff "to create an Oregon limited liability company, and agree to be paid as an independent contractor subject to IRS Form 1099 reporting." *Id.* at ¶ 13. Prior to being hired by Defendant, Plaintiff did not have an LLC, nor was he in the business of providing uniformed security services. *Id.* at ¶ 14.

During the time Plaintiff worked for Defendant as a security officer, Defendant controlled the terms and conditions of Plaintiff's work, including how, when, and where Plaintiff worked. Compl. ¶ 15. Plaintiff performed duties assigned to him by Defendant and Defendant's customers. *Id.* at ¶ 18. Plaintiff provided security officer services exclusively to Defendant and only maintained an LLC because Defendant required him to have one as a condition of employment. *Id.* at ¶ 19. Plaintiff was covered by Defendant's insurance and Defendant provided Plaintiff with uniforms, radios, and branded company vehicles. *Id.* at ¶¶ 20. 22.

In January 2024, Defendant required Plaintiff to sign an Addendum to Agreement for Security Services that contained non-compete and non-solicitation provisions. Compl. ¶¶ 24-25. Signing the addendum was a condition of Plaintiff's continued employment. *Id.* ¶ 25.

During the time Plaintiff worked for Defendant, he would routinely work more than forty hours per week, and he was not paid an overtime premium for the hours spent working over forty hours per week. Compl. ¶ 26. Plaintiff notified Defendant that he was misclassified as an independent contractor and sought payment of overtime under the Fair Labor Standards Act ("FLSA"). *Id.* at ¶ 29. Shortly thereafter, Defendant terminated Plaintiff "because he hired a lawyer to pursue an overtime claim against Defendant." *Id.* ¶ 30.

Plaintiff brings claims for (1) overtime violations under the FLSA; (2) violations of Oregon wage and hour laws; and (3) retaliation under the FLSA.

## II.   The Answer and Counterclaims

In its Answer and Counterclaims, ECF No. 6, Defendant assert that it does not employ any security officers but instead subcontract security services through independent contractors. Ans. ¶¶ 1-2. All independent contractors "hired by Defendant are required to maintain their own limited liability company." *Id.* at ¶ 4. With limited exceptions, Defendant does not provide equipment to its contractors. *Id.* at ¶¶ 5, 7.

When hired, Defendant and "Donovan Mallory LLC" executed a contract under which they disclaimed an employer-employee relationship and stated that Plaintiff was an independent contractor. Ans. ¶¶ 8-10. In January 2024, Defendant and "Donovan Mallory LLC" signed an addendum to the contract in which "Donovan Mallory LLC" disclaimed entitlement to overtime for assignments accepted by Plaintiff. *Id.* at ¶ 14. In the addendum, "Donovan Mallory LLC" "specifically

acknowledges that work under the Original Agreement and this Addendum is not covered under the Fair Labor Standards Act or any State law overtime provision because Subcontractor ["Donovan Mallory LLC"] is not an employee." *Id*.

Defendant alleges that, beginning in 2024, Plaintiff engaged in various acts of workplace misconduct and that, in June 2024, Plaintiff declined to accept shifts from Defendant because Plaintiff was working as a wilderness firefighter. Ans. ¶¶ 15-16.

Defendant admits that Plaintiff "occasionally" worked over forty hours per week as a security officer. Ans. ¶ 18. Defendant denies that it assigned locations to Plaintiff, but instead offered job sites to independent contractors "who could then accept a job if they so desired." *Id*. Defendant denies that its independent contractors, "including Plaintiff and his LLC," are subject to the provisions of the FLSA and Oregon wage and hour laws because they are not employees of Defendant. *Id*. at ¶ 25. Defendant denies that it controlled the time, place and manner in which Plaintiff worked. *Id*. at ¶ 31.

Defendant denies that it provided Plaintiff with a uniform "except when required by the client," and denies that there was any instance in which Plaintiff was provided with a company branded vehicle. Ans. ¶ 38. Defendant admits that it did, on occasion, provide Plaintiff with a radio. *Id*.

Defendant denies that Plaintiff was "required" to sign the Addendum and denies that Plaintiff was presented with the Addendum as something he had to sign or find other work. Ans. ¶¶ 40-41.

Defendant denies that it terminated its relationship with Plaintiff in

retaliation for Plaintiff seeking overtime but asserts that "Plaintiff's contract was terminated due to his breach of contract." Ans. ¶ 46.[1]

## DISCUSSION

Plaintiff moves to dismiss Defendant's counterclaims and moves to strike Defendant's affirmative defenses.

### I.   Motion to Dismiss

Defendant brings counterclaims for (1) breach of contract and (2) attorney fees. Plaintiff moves to dismiss both counterclaims. In response to Plaintiff's Motion, Defendant concedes its claim for attorney fees. Def. Resp. at 2-3. ECF No. 11.

In its counterclaim for breach of contract, Defendant alleges that, on January 10, 2024, the parties executed the Addendum, which provides that "Subcontractor specifically agrees and covenants that it will not make a claim under the Fair Labor Standards Act or any applicable State law for overtime for services provided which exceed forty (40) hours in any given week." Ans. ¶ 57.

To state a claim for breach of contract under Oregon law, a plaintiff must show (1) the existence of a contract; (2) its relevant terms; (3) the plaintiff's full performance and lack of breach; and (4) the defendants breach resulting in damages to the plaintiff. *Slover v. State Bd. of Clinical Social Workers*, 144 Or. App. 565, 570 (1996).

First, the Court notes that breach of contract counterclaim is asserted against

---

[1] The Court notes, however, that the breach of contract alleged in Defendant's Counterclaims is a breach of the Addendum provision purporting to forbid the filing of an FLSA claim or a state law wage-and-hour claim. Ans. ¶¶ 56-58.

Page 6 –OPINION & ORDER

Plaintiff individually, although the Exhibits attached to the Answer and Counterclaims show that the contract was between Defendant and the corporate entity "Donovan Mallory LLC" which is not a party to this action. *See* Ans. Ex. 2, at 1 ("This Addendum modifies the Original Agreement between Iron Shield LLC and Donovan Mallory LLC."); Ex. 1, at 1 ("This Agreement is made between Iron Shield LLC and Donovan Mallory LLC hereinafter 'Subcontractor' on 06/08/22."). Typically, only an entity that is a party to a contract can be held liable for breach of contract. *See, E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). While there are exceptions to this general rule, such as when a corporate entity is a mere alter ego, the Answer and Counterclaims do not plead facts in support of such theories. On the contrary, the Answer and Counterclaims allege that Defendant required those who worked for it "to maintain their own limited liability company" and appear to assert that corporate formalities were maintained. Ans. ¶¶ 4, 6, 11. The Court concludes that Defendant has not sufficiently alleged facts showing that Plaintiff should be held liable for breach of a contract to which Plaintiff, as an individual, was not a party.

In addition, the Answer and Counterclaims do not allege that Defendant suffered damages from the breach. "Damage is an essential element of any breach of contract action." *Huskey v. Dep't of Corr.*, 329 Or. App. 397, 399 (2023) (internal quotation marks and citation omitted). The Court cannot infer the existence of an essential element of a claim. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that even "a liberal interpretation" of a complaint

"may not supply essential elements of the claim that were not initially pled.").

The Court concludes that Defendant has not sufficiently pleaded its counterclaim for breach of contract. Defendant seeks leave to amend its Answer and Counterclaims, which the Court will grant. However, in making its amendments, Defendant should bear in mind that the requirements of the FLSA and Oregon's wage and hour laws cannot simply be contracted around. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("This Court's decisions interpreting the FLSA have frequently emphasized the non-waivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the stature and thwart the legislative policies it was designed to effectuate." (internal quotation marks and citation omitted)); ORS 652.360(1) (prohibiting employers from using contracts to exempt themselves from the provisions of "any statute relating to the payment of wages" without written approval from the Commissioner of the Bureau of Labor and Industries."). As both parties have observed, the core question in this case will be whether, under the economic realities, Plaintiff was an employee of Defendant or an independent contractor. Contractual labels are of limited utility in that analysis. *See Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) ("Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA.").

## II. Motion to Strike Affirmative Defenses

Defendant asserts the following affirmative defenses: (1) that Plaintiff consented to be being classified as an independent contractor and consented not to be paid overtime; (2) that Plaintiff waived his right to bring claims under the FLSA or Oregon wage and hour laws when he signed the Addendum; (3) that Plaintiff is not the real party in interest because "Donovan Mallory LLC" signed the agreement with Defendant; (4) "Good Faith"; (5) "Preservation of Defenses." Plaintiff moves to strike Defendant's affirmative defenses.

In its Response, Defendant concedes that the affirmative defenses of consent, waiver, and real party in interest are not cognizable with respect to the FLSA and so withdraws those defenses. Def. Resp. at 3. ECF No. 12. Defendant maintains that the defenses are validly asserted as to Plaintiff's claims under Oregon wage and hour laws.

The parties agree that the pleading standard applicable to affirmative defenses is one of fair notice. Pl. Mot. 5; Def. Resp. 2. Although the Supreme Court has imposed a higher pleading standard for claims, it has not yet applied the standards of *Twombly* and *Iqbal* to affirmative defenses. *Hogan v. United States*, No. 3:23-cv-00765-HZ, 2024 WL 261758, at *2 (D. Or. Jan. 22, 2024). Without discussing the issue, the Ninth Circuit has continued to apply the fair notice standard to affirmative defenses. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Accordingly, courts within this District have continued to hold that the fair notice standard applies to pleading affirmative defenses. *Hogan*, 2024, WL 261758, at *2;

*Adidas Am., Inc. v. Aviator Nation, Inc.*, No. 3:19-CV-02049-HZ, 2021 WL 91623, at *2 (D. Or. Jan. 10, 2021).

The fair notice standard, when applied to affirmative defenses, "only requires describing the defense in general terms." *Kohler*, 779 F.3d at 1019 (internal quotation marks and citations omitted). "Fair notice does not require a detailed statement of facts." *McDonald v. Alayan Alayan*, No. 3:15-CV-02426-MO, 2016 WL 2841206, at *3 (D. Or. May 13, 2016). "But it does require that the defendant state the nature and grounds for the affirmative defense." *Id.* And when ruling on a motion to strike, the court must accept the nonmoving party's allegations as true and liberally construe the pleading in favor of the non-moving party. *Hayes v. City of Portland*, 3:18-cv-00988-AC, 2020 WL 1154762, at *3 (D. Or. Mar. 10, 2020) (citing *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp.2d 1128, 1140 (N.D. Cal. 2010)).

With respect to the first two affirmative defenses, consent and waiver, Oregon law prohibits an employer from exempting itself "from any provision of or liability or penalty imposed by ORS 652.310 to 652.414 *or any statute relating to the payment of wages,*" unless a special contract is approved in writing by the Commissioner of the Bureau of Labor and Industries. ORS 652.360(1) (emphasis added). Defendant has not pleaded, nor does it argue, that it received such written approval from the Commissioner. Defendant's first two affirmative defenses, waiver and consent, are legally insufficient and will be struck.

As to the third affirmative defense, real party in interest, the Court notes that this is a claim for unpaid wages allegedly owed to Plaintiff. Plaintiff is

Page 10 –OPINION & ORDER

unquestionably the real party in interest to that claim. Whether a contract existed between Defendant and the LLC Defendant obliged Plaintiff to form is of no consequence to whether Defendant has failed to pay Plaintiff's wages. The Court will strike the third affirmative defense, real party in interest.

Turning to the fourth affirmative defense, good faith, the Court concludes that this affirmative defense is insufficiently pleaded to give Plaintiff fair notice of the nature and factual basis of the defense. The Court will strike the fourth affirmative defense but will give Defendant leave to replead this defense with greater clarity.

Defendant contends that its fifth affirmative defense is intended to preserve any future defenses so that they are not deemed waived. This is not a defense at all, but a reservation of rights. Courts within this District have recognized that such a statement is not a proper affirmative defense. *Hogan*, 2024 WL 261758, at *5. The Court will strike the fifth affirmative defense. If Defendant discovers facts to support a new affirmative defense during discovery, the proper course of action is to make a motion to amend the pleadings under Federal Rule of Civil Procedure 15.

In sum, the Court will grant Plaintiff's motion to strike and will strike the affirmative defenses. However, Defendant shall have leave to file an amended answer to replead the fourth affirmative defense, good faith.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss Counterclaims, ECF No. 9, is GRANTED and Plaintiff's Motion to Strike Affirmative Defenses, ECF No. 10, is GRANTED. The Court will dismiss Defendant's counterclaim for attorney

fees based on Defendant's concession, and will dismiss Defendant's counterclaim for breach of contract with leave to amend. The Court will strike the affirmative defenses with leave to replead the fourth affirmative defense of good faith. Defendant shall have thirty (30) days from the date of this Order in which to file an amended answer.

It is so ORDERED and DATED this ___29th___ day of October 2024.

                                             /s/Ann Aiken
                                            ANN AIKEN
                                            United States District Judge