IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DONOVAN MALLORY,

        Plaintiff,

v.

IRON SHIELD, LLC,

        Defendant.

Civ. No. 6:24-cv-01116-AA

**OPINION & ORDER**

AIKEN, District Judge.

This matter comes before the Court on Defendant Iron Shield, LLC ("Iron Shield")'s response to the Court's Order to Show Cause, ECF No. 22, and on Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 23. For the reasons set forth below, Iron Shield is DEFAULTED and Plaintiff's Motion to Amend is GRANTED.

## DISCUSSION

### I. Order to Show Cause

On November 1, 2024, the Court granted a motion to withdraw filed by counsel for Defendant Iron Shield, LLC ("Iron Shield"). ECF No. 20. Iron Shield did not retain replacement counsel. On January 24, 2025, the Court issued an Order to Show Cause informing Iron Shield that corporate entities are not permitted to appear pro

se in federal court and directing Iron Shield to show cause why it should not be defaulted for failure to retain counsel. ECF No. 21.

On February 18, 2025, Iron Shield submitted a response to the Court's Order to Show Cause. ECF No. 22. Much of Iron Shield's response was devoted its positions concerning the merits of Plaintiff's claims, which are not responsive to the Order to Show Cause. The portion of Iron Shield's response that was responsive to the Court's Order indicated that Iron Shield has ceased to do business and is unable to secure replacement counsel and so would remain unrepresented.

As the Court explained in the Order to Show Cause, corporate entities may not appear in federal court except through a licensed attorney. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear through an attorney." (internal quotation marks and citation omitted, alterations normalized)); *see also* Local Rule 83-9(b) ("Unless otherwise specifically provided by law or Court order, a corporation may appear or act only through an attorney.").

As Iron Shield has represented that it cannot secure counsel to represent it, the Court will find that Iron Shield is DEFAULTED in this litigation.

## II. Motion to Amend

On February 23, 2025, Plaintiff filed a motion seeking leave to file an amended complaint, along with a proposed amended complaint. ECF No. 23. Federal Rule of Civil Procedure 15 governs motions to amend pleadings and courts are directed to consider motions for leave to amend with "extreme liberality." *Eminence Capital,*

*LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Leave may be denied "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 892-93 (9th Cir. 2010) (internal quotation marks and citation omitted, alterations normalized).

As discussed above, Iron Shield is unrepresented and has been defaulted. The proposed amended complaint seeks to add additional defendants. The Court has reviewed Plaintiff's motion and the proposed amendments and finds no cause to deny leave to amend. Plaintiff's motion will therefore be GRANTED.

## CONCLUSION

For the reasons set forth above, Defendant Iron Shield, LLC is DEFAULTED pursuant to the Court's Order to Show Cause. Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 23, is GRANTED. Plaintiff is to file his amended complaint within fourteen (14) days of the date of this Order.

It is so ORDERED and DATED this __28th__ day of February 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge