IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DONOVAN MALLORY,                                          Civ. No. 6:24-cv-01116-AA

                    Plaintiff,                     **OPINION & ORDER**
      v.

IRON SHIELD, LLC; JASON
SMITH; LOGAN NICHOLS;
RACHEL BIVENS,

               Defendants.

_____

AIKEN, District Judge.

    This case comes before the Court on Plaintiff's Motion for Default Judgment. ECF No. 36. The Court concludes that these motions are appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED with leave to refile.

## DISCUSSION

    Plaintiff initially brought this FLSA and Oregon wage-and-hour action against Defendant Iron Shield, LLC ("Iron Shield") alone. ECF No. 1. Shortly after the Court's ruling on Plaintiff's Motion to Dismiss the Counterclaims and Strike Affirmative Defendants, ECF Nos. 10, 17, Iron Shield's counsel withdrew from representation and Iron Shield ceased participating in the litigation. ECF Nos. 18, 20. The Court issued an Order to Show Cause stating that Iron Shield, as a

corporate entity, was not permitted to appear pro se and that, unless it secured replacement counsel, it would be defaulted.  ECF No. 21.  Iron Shield filed a response in which it stated that it had ceased to do business and was unable to secure replacement counsel.  ECF No. 22.  The Court ordered Iron Shield defaulted and granted Plaintiff's motion for leave to file the operative First Amended Complaint, which added claims against the individual defendants Jason Smith, Logan Nichols, and Rachel Bivens.  ECF No. 25.

On April 4, 2025, Iron Shield, still unrepresented, filed a notice with the Court indicating that it had entered Chapter 7 bankruptcy.  ECF No. 30.

On April 7, 2025, Plaintiff moved for entry of default against the individual Defendants, ECF No. 31, which was granted.  ECF No. 33.  On April 22, 2025, Iron Shield filed a Notice in which it stated that the individual Defendants intended to appear but were unable to locate counsel.  ECF No. 35.  None of the individual Defendants appeared in this case, either pro se or through counsel, and Plaintiff thereafter filed a Motion for Default Judgment against the individual Defendants. ECF No. 36.  Of note, Plaintiff's motion acknowledges that Iron Shield is in bankruptcy and so Plaintiffs do not seek entry of default judgment against Iron Shield.

A party who has obtained an entry of default against an opponent may seek a default judgment against that opponent under Federal Rule of Civil Procedure 55(b)(2).  The grant or denial of a motion for entry of default judgment is within the discretion of the court.  *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (per

curiam).

In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court held that where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. *Id.* at 554. In *In re First T.D. & Inv., Inc.*, 253 F.3d 520 (9th Cir. 2001), the Ninth Circuit expanded that rationale to defendants who are similarly situated, even if not jointly and severally liable. *Id.* at 532-33.

Here, Defendants are alleged to be jointly and severally liable. First Am. Compl. ¶¶ 3, 15, 36. Plaintiff seeks default judgment against only the individual Defendants, which would leave the claims against Iron Shield defaulted, but potentially susceptible to resurrection under Federal Rule of Civil Procedure 55(c) and an incongruous result.

There are additional factors which counsel against the entry of default judgment against the individual Defendants at this time. First, the record in this case indicates that Iron Shield entered Chapter 7 bankruptcy at some point after it was defaulted, which would be accompanied by an automatic stay. *In re Albert-Sheridan*, 658 B.R. 516, 533-34 (B.A.P. 9th Cir. 2024).

Finally, Federal Rule of Civil Procedure 54 provides that, while a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," it may only do so "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, the Court cannot make that

determination in light of the fact that it would leave a jointly and severally liable co-defendant, Iron Shield, in the case and subject to a bankruptcy stay.

The Court therefore DENIES the Motion for Default Judgment against the individual Defendants with leave to re-file when judgment may be sought against all Defendants.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Default Judgment against the individual Defendants, ECF No. 36, with leave to refile once a single judgment may be entered against all Defendants.

It is so ORDERED and DATED this ____30th____ day of March 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge